**Xiang CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–4641–AGNAC.

United States Court of Appeals, Second Circuit.

Feb. 28, 2006.

John Z. Zhang, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Cameron Elliot, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiang Chen, though counsel, petitions for review of the July 30, 2004 BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision with-

out opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004).

Here, the IJ's adverse credibility determination is entitled to particular deference because it was based, in part, on a negative demeanor finding. *See Zhou Yun Zhang*, 386 F.3d at 73. The IJ supported her finding that Chen demonstrated only a vague knowledge of Falun Gong by describing his testimony on the subject as "extremely hesitant" and full of pauses. She added that Chen appeared to be "racking his brain" for the names of the five movements. The IJ was uniquely competent to make this observation, and was justified in relying on Chen's hesitance to doubt his claim that he practiced Falun Gong for four years. *See id.*

The IJ was also justified in holding Chen's airport interview statements against him, because the airport transcript presents an verbatim record of his statements, and there is no suggestion of coercion. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir.2005) (citing *Ramsameachire*, 357 F.3d at 179–80). At the airport, Chen made no mention of Falun Gong, answered "no" when asked if he was being persecuted, and stated that his purpose in coming to the United States was to find a job. Chen never claimed that he felt coerced at the time, nor did he provide any explanation for his failure to mention Falun Gong. Therefore, the IJ properly relied on his earlier denial of persecution as a basis for finding him incredible. *See id.* at 398.

Chen's submission of a purported dismissal notice from his school cast further doubt on his claim, when the calendar indicated that the notice was dated on a Sunday. Chen testified himself that his school was open only Monday through Friday. He offered no explanation for this discrepancy to the IJ, and the hypothetical explanation he now offers to this Court is insufficient to compel a reasonable fact-finder to credit his testimony. *See Zhou Yun Zhang*, 386 F.3d at 76. Accordingly, substantial evidence supports the IJ's adverse credibility finding and consequent denial of asylum and withholding. Finally, Chen has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).